# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **SHARON DORSEY,** | } |
| | } |
| **Plaintiff,** | } |
| | } |
| v. | } Case No.: 2:10-CV-1467-RDP |
| | } |
| **STONEBRIDGE LIFE INSURANCE CO.,** | } |
| | } |
| **Defendant.** | } |

## MEMORANDUM OPINION

This case is before the court on Defendant's Motion for Protective Order (Doc. # 22), filed February 22, 2011. Defendant seeks a protective order precluding discovery of documents and communications concerning an opinion from an attorney in Defendant's legal department given to the claim's manager handling Plaintiff's insurance claim. Defendant argues that this communication is protected by the attorney-client privilege. Plaintiff asserts that the opinion was part of the claim decision process and, as such, is a business communication as opposed to a protected attorney-client communication. Alternatively, Plaintiff argues that if the communication is protected by attorney-client privilege, then it still is discoverable because Defendant has waived the privilege by its actions in this case.

This case involves claims arising out of Defendant's denial of Plaintiff's claim for benefits under an accidental death policy. Plaintiff's lawsuit alleges breach of contract and bad faith based on the denial of her claim. During the administration of the claim, the claims manager and claims examiner assigned to Plaintiff's claim sought and received a legal opinion regarding certain legal issues relating to Plaintiff's claim for benefits, dated April 24, 2009, from Brian Loomis, an attorney

in Defendant's legal department. Defendant has objected to producing this communication on the grounds that is it protected by the attorney-client privilege and under the work product doctrine.

Federal Rule of Evidence 501 provides that in actions where state law provides the rule of decision, such as here, privilege shall be determined in accordance with State law. In this case, the parties are in agreement that Alabama law controls. FED. R. EVID. 501. Under Alabama law, before a communication between a lawyer and client is covered by the privilege certain criteria must be met: (1) there must be an attorney-client relationship, (2) there must be a communication within the privilege, and (3) the prejudicial effect to the client that would result from any disclosure of the privileged information. *See McClary v. Walsh*, 202 F.R.D. 286, 290 (N.D. Ala. 2000). The burden of establishing the existence of an attorney-client privilege is on the party asserting that privilege. *Ex parte Nationwide Mut. Ins. Co.*, 990 So. 2d 355, 363 (Ala. 2008) (internal citation omitted). Further, "[t]he question of whether a party has implicitly waived the attorney-client privilege turns on whether the actual content of the attorney-client communication has been placed in issue in such a way that the information is actually required for the truthful resolution of the issues raised in the controversy." *Id.* (internal citations and alterations omitted).

In this case, there is little question that the communication at issue is protected by the attorney-client privilege. *See Ex parte Great American Surplus Lines Ins. Co.*, 540 So. 2d 1357, 1358 (Ala. 1989). The opinion was between an attorney and his client concerning a legal issue. Further, the opinion itself contained the following statement regarding its confidentiality: "Legal Referral: This is confidential and is intended for the individual designated. It is to be governed as 'attorney-client privileged'." (Doc. # 22-1 at 1-2). Thus, Defendant meets the burden of showing that this was a protected communication and Plaintiff has failed to make satisfactory showing

otherwise.

Having established that this communication is protected by the attorney-client privilege, the next question is whether Defendant waived the privilege by placing the communication at issue in this case. Defendant has repeatedly stated that it has not and will not assert the advice of counsel defense. (Docs. # 22 at 4 and 28 at 3). Thus, it has not placed the communication at issue through an assertion of that defense. Further, the fact that Defendant's claim's manager relied on the legal opinion when making her decision to deny Plaintiff's benefits does not place the communication at issue. *Ex parte Meadowbrook Insurance Group, Inc.*, 987 So. 2d 540, 550 (Ala. 2007) ("The mere admission 'that one relied on legal advice in making a legal decision [does not] put the communications relating to that advice at issue.'")(quoting *Metropolitan Life Ins. Co. v. Aetna Cas. & Sur. Co.*, 730 A.2d 51, 61 (Conn. 1999)). Because Defendant has not placed the communication at issue in this case, it has not waived the attorney-client privilege.

The legal opinion requested by Defendant's claim manager is protected by the attorney-client privilege and is not discoverable. Thus, Defendant's Motion for Protective Order is due to be granted. The court will enter an order consistent with this Memorandum Opinion.

**DONE** and **ORDERED** this      8th      day of March, 2011.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE